**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

THOMAS DORSEY,

                                            Plaintiff,

                    v.                                                    No. 10-CV-692
                                                                              (MAD/DRH)

ANDREW M. CUOMO, Governor; ERIC T.
SCHNEIDERMAN, Attorney General; and
MICHAEL HOGAN, Dr., Commissioner of Mental
Health,

                                            Defendant.[1]

_____

**APPEARANCES:**                                    **OF COUNSEL:**

THOMAS DORSEY
Plaintiff Pro Se
1363 Echo Lake Lane
Rocky Mount, North Carolina 27803

HON. ERIC T. SCHNEIDERMAN                    DOUGLAS J. GOGLIA, ESQ.
Attorney General for the                              Assistant Attorney General
  State of New York
Attorney for Defendants
The Capitol
Albany, New York 12224-0341

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

**REPORT-RECOMMENDATION AND ORDER**[2]

        Plaintiff pro se Thomas Dorsey ("Dorsey"), formerly an inmate in the custody of the New

_____

        [1]The complaint named as defendants David Paterson, the former Governor of New York, and named Andrew Cuomo in his then capacity of New York State Attorney General. Dkt. No. 1. Both were named only in their official capacities. Since then, Andrew Cuomo has replaced David Paterson as Governor and Eric Schneiderman has replaced Andrew Cuomo as Attorney General. Therefore, pursuant to Fed. R. Civ. P. 25(d)(1), the current office holders are substituted as the proper parties. The Clerk shall amend the docket accordingly. Michael Hogan remains the Commissioner of Mental Health.

        [2]This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

York State Department of Correctional and Community Supervision ("DOCCS") and the New York State Office of Mental Health ("NYSOMH"), brings this action pursuant to 42 U.S.C. § 1983 alleging that defendants violated his constitutional rights under the Fourteenth Amendment.  Compl. (Dkt. No. 1).  Presently pending is defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) & (6).  Dkt. No. 7.  Dorsey opposes the motion. Dkt. No. 9.[3]  For the following reasons, it is recommended that defendants' motion be granted.

**I. Background**

These facts are related in the light most favorable to Dorsey as the non-moving party. See Ertman v. United States, 165 F.3d 204, 206 (2d Cir.1999).

In November 2005, Dorsey was arrested and subsequently indicted on seven charges, one of which included a sexual abuse charge in the first degree.  Compl. ¶ 11.  Dorsey subsequently pled guilty to a lesser charge in full satisfaction of the indictment, and was sentenced to a term of one and a half to three years in prison.  Id.  On April 13, 2007, New York State passed the Sex Offender Management and Treatment Act ("SOMTA"), N.Y. Mental Hyg. Law ("MHL") art. 10, "which creat[ed] a process for the civil commitment and/or management of sex offenders upon completion of their sentence."  Id.  ¶ 8.

Under SOMTA, a detained sex offender may be civilly committed if it is determined by clear and convincing evidence after trial that the offender suffers from a mental abnormality,

---

[3]In his response to the motion, Dorsey notes his opposition but states that he was unable to set forth his opposition in full because of the limited time he was permitted to use the law library.  Dkt. No. 9.

and the court thereafter concludes that the offender is a dangerous sex offender requiring confinement. MHL § 10.07(d), (f). "A '[d]etained sex offender' is a person who is in the care, custody, control, or supervision of an agency with jurisdiction, with respect to a sex offense or designated felony," including those convicted of a designated felony that was sexually motivated and committed before the date Article 10 became effective. Id. § 10.03(g)(1), (4). A "[d]angerous sex offender requiring confinement" is one "suffering from a mental abnormality involving such a strong predisposition to commit sex offenses, and such an inability to control behavior, that the person is likely to be a danger to others and to commit sex offenses if not confined to a secure treatment facility."  Id. § 10.03(e). The term "sex offense" is defined in SOMTA to  include Assault in the Second Degree (N.Y. Penal Law § 120.05) and Attempted Assault in the Second Degree (N.Y. Penal Law § 110.00). Id. § 10.03(f).

In February 2008, prior to Dorsey's release, the Office of Mental Health ("OMH") served Dorsey with a notification pursuant to MHL § 10.05(e) that his case had been referred for review to determine whether Dorsey was a sex offender requiring civil management. Compl. ¶ 12.  Dorsey was seen by a psychiatrist who determined that Dorsey's actions which led to his imprisonment were sexually motivated and that Dorsey thus required civil management.[4]  Id.  On August 14, 2008, a probable cause hearing was held, it was determined that Dorsey's conviction was sexually motivated, and Dorsey was sent to a secure treatment facility to await a civil commitment trial.  Id.  ¶ 13.  This action followed.

---

[4] During the hearing, the psychiatrist "testified that [Dorsey] committed the acts of punching and having stabbed the [victim] and that [Dorsey] had admitted to . . . touching the [victim] on her vagina."  Compl. ¶ 17(a).

On February 23, 2011, Dorsey's civil commitment trial concluded after an eight-day hearing.  Dkt. No. 14-1 at 1.  The jury found that there was no clear and convincing evidence to support the conclusion that Dorsey's felony conviction was sexually motivated and Dorsey was released from the secure treatment facility.  Id. at 1-2.  While the decision could have been appealed by the Attorney General, it was not and the action has thus concluded.  Id. at 2.

## II.  Discussion

Dorsey contends that his due process rights were violated because the provisions of MHL §§ 10.03(S), 10.06(J), and 10.07(C) and New York Penal Law § 130.91 were unconstitutionally vague.  Defendants' seek dismissal because (1) the issue is moot, (2) the abstention doctrine of Younger precludes decision, and (3) the term "sexually motivated" is not unconstitutionally vague.

**A. Legal Standard**[5]

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1)

when the district court lacks the statutory or constitutional power to adjudicate it."

see also Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000) (citations omitted).

"The standards for dismissal under [Federal Rules] 12(b)(6) and 12(b)(1) are substantively

identical."  See Lerner v. Fleet Bank, N.A., 318 F.3d 113, 128 (2d Cir. 2003) (citations

omitted).   "A plaintiff asserting subject matter jurisdiction has the burden of proving by a

preponderance of the evidence that it exists."  Makarova, 201 F.3d at 113 (citing Malik v.

Meissner, 82 F3d 560, 562 (2d Cir. 1996) ("The burden of proving jurisdiction is on the party

asserting it.").

Rule 12(b)(6) authorizes dismissal of a complaint that states no actionable claim.  When

considering a motion to dismiss, "a court must accept the allegations contained in the

---

[5] In defendants' motion papers, they included transcripts from Dorsey's plea and sentencing, as well as the psychiatric examination report and motion by the Attorney General to have him confined.  Consideration of a motion to dismiss "is limited to the facts asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference."  McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007).   However, "[i]n a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) . . . where evidence relevant to the jurisdictional question is before the court, the district court may refer to that evidence."  Robinson v. Gov't of Malaysia, 269 F.3d 122, 140 (2d Cir. 2001) (internal quotation marks and citations omitted); see also Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000) ("In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court . . . may refer to evidence outside of the pleadings.") (citations omitted).  Thus, while most of the information pertaining to the underlying state proceedings has not been considered as they were neither attached nor incorporated into the pleading documents, defendants' letters regarding the procedural posture of Dorsey's civil confinement have been considered as they relate directly to the jurisdictional issue before the Court.

complaint as true, and draw all reasonable inferences in favor of the non-movant."

Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir. 1994).  However, this "tenet . . . is

inapplicable to legal conclusions[; thus, t]hreadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.

Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007)

(holding that "entitlement to relief requires more than labels and conclusions, and a

formulaic recitation of the elements of a cause of action . . . [as] courts are not bound to

accept as true a legal conclusion couched as a factual allegation.")).

Accordingly, to defeat a motion to dismiss, a claim must include "facial plausibility . . .

that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged."  Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556 (explaining

that the plausibility test "does not impose a probability requirement . . . it simply calls for

enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal

[conduct].")); see also Arar v. Ashcroft, 585 F.3d 559, 569 (2d Cir. 2009) (holding that, "[o]n

a motion to dismiss, courts require enough facts to state a claim to relief that is plausible . . .

.") (citations omitted).  Determining whether plausibility exists is "a content specific task that

requires the reviewing court to draw on its judicial experience and common sense."  Iqbal,

129 S. Ct. at 1950-51.

When, as here, a party seeks dismissal against a pro se litigant, a court must afford the

non-movant special solicitude. Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d

Cir.2006); see also Sealed Plaintiff v. Sealed Defendant # 1, 537 F.3d 185, 191-92 (2d

Cir.2008) ("On occasions too numerous to count, we have reminded district courts that

'when [a] plaintiff proceeds pro se, ... a court is obliged to construe his pleadings liberally.' "

(citations omitted)).

### C. Mootness

"Article III, Section 2 of the United States Constitution establishes the scope of federal courts' jurisdiction, which includes all Cases . . . and Controversies to which the United States shall be a party." Cobos v. Unger, 534 F. Supp. 2d 400, 403 (W.D.N.Y. 2008) (citations omitted). "[T]he . . . case-or-controversy limitation . . . underpins . . . our mootness jurisprudence." Id. (internal quotations marks and citations omitted). "[W]hen a case becomes moot, the federal court is deprived of subject matter jurisdiction over the action. Federal courts must consider *sua sponte* matters, such as whether an action has become moot, that touches upon the court's subject matter jurisdiction." Bourdon v. Walker, 453 F. Supp. 2d 594, 599 n.13 (citations omitted).

In a prior inmate suit decided in the Northern District of New York, United States District Judge Lawrence E. Kahn noted that

> [a]lthough Plaintiffs seem to consider it a forgone conclusion that they will be subject to civil confinement and mental health treatment upon the expiration of their maximum terms of incarceration and release . . . , the MHL makes clear that an inmate **may** be considered for continued civil confinement, but civil confinement is not automatic.

Ashford v. Spitzer, No. 08-CV-1036 (LEK/RFT) *Dkt. No. 7-11) at 10-11. One of the inmates in the Ashford case had been "discharged from . . . custody . . . [and] not placed in civil confinement . . . [thus his] claims under SOM[T]A [we]re dismissed as moot." Id. at 12. The same facts are present in the instant case. While Dorsey was initially placed at the secure facility after the findings in his probable cause hearing and throughout the duration

of his civil confinement hearing, he was ultimately found not to have committed a sexually motivated felony.[6]  Thus, Dorsey did not require civil confinement or further treatment and was released.  Because he was never placed in civil confinement, his claims relating to the constitutionality of SOMTA are moot and should be dismissed.

Defendants' motion on this ground should be granted.[7]


### III.  Conclusion

For the reasons stated above, it is hereby

**ORDERED** that (1) Andrew M. Cuomo shall be substituted for David Paterson as the named party-defendant Governor and (2) Eric T. Schneiderman shall be substituted for Andrew Cuomo as the named party-defendant Attorney General; and it is further

**RECOMMENDED** that defendant's motion to dismiss (Dkt. No. 7) be **GRANTED** pursuant to Fed. R. CIv. P. 12(b)(1) and the complaint **DISMISSED** for lack of subject matter jurisdiction.


Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE**

---

[6] Dorsey makes clear throughout his complaint that he "is not attempting to appeal his probabl[e] cause hearing" (Compl. ¶ 17) but is asserting that the "statutory provisions under MHL Article 10 . . . [are] void for vagueness." Compl. ¶ 16.

[7] While defendants also moved for dismissal based on the Younger abstention doctrine and the merits of Dorsey's vagueness challenge, such arguments need not be addressed after the determination that this Court lacks the jurisdiction to entertain such claims.

**REVIEW.**  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892

F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).


Dated:  July 14, 2011
        Albany, New York

_____

United States Magistrate Judge

9