**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**THOMAS DORSEY,**

                        **Plaintiff,**

  vs.                                               **9:10-cv-692**
                                                     **(MAD/DRH)**

**ANDREW M. CUOMO, Governor; ERIC T.**
**SCHNEIDERMAN, Attorney General; and**
**MICHAEL HOGAN, Dr., Commissioner of Mental**
**Health,**

                        **Defendants.**
_____

**APPEARANCES:**                             **OF COUNSEL:**

**THOMAS DORSEY**
1363 Echo Lake Lane
Rocky Mount, North Carolina 27803
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**         **DOUGLAS J. GOGLIA, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for defendants

**Mae A. D'Agostino, U.S. District Judge:**

### ORDER

      Plaintiff *pro se*, formerly an inmate in the custody of the New York State Department of Correctional and Community Supervision ("DOCCS") and the New York State Office of Mental Health ("NYSOMH"), brings this action pursuant to 42 U.S.C. § 1983, alleging that defendants violated his rights under the Fourteenth Amendment of the United States Constitution. *See* Dkt. No. 1. Specifically, plaintiff claims that his due process rights were violated because the

provisions of New York Mental Health Law §§ 10.03(S), 10.06(J), and 10.07(C), and New York Penal Law § 130.91 are unconstitutionally vague.[1]

At plaintiff's probable cause hearing, it was determined that the actions that led to plaintiff's imprisonment were sexually motivated and, therefore, plaintiff was sent to a secure treatment facility to await his civil commitment trial.  *See* Dkt. No. 1 at ¶ 13.  Plaintiff filed the present action while awaiting his civil commitment trial.

---

[1] Article 10 of the New York Mental Health Law, commonly referred to as the Sex Offender Management and Treatment Act ("SOMTA"), became effective on April 13, 2007. Article 10 created a new procedure for civilly committing sex offenders nearing the end of their prison terms.  Under Article 10, when a sex offender is nearing release, DOCS must, "at least one hundred twenty days prior to the person's anticipated release," give notice to the state attorney general and commissioner of mental health.  N.Y. Mental Hyg. Law § 10.05(b).  The commissioner of mental health is then authorized to designate multidisciplinary staff to review the individual's records to determine whether he should be referred to a case review team for evaluation.  *See* N.Y. Mental Hyg. Law § 10.05(d).  If the individual is referred to a case review team, notice must be provided to him.  *See* N.Y. Mental Hyg. Law § 10.05(e).  If the case review team finds that the individual is a "sex offender requiring civil management," it must notify the attorney general and the individual in writing.  *See* N.Y. Mental Hyg. Law § 10.05(g).  The attorney general may then file a petition in the supreme court or county court of the county in which the individual is located, seeking to detain the individual in a psychiatric institution.  *See* N.Y. Mental Hyg. Law § 10.06(a). Within thirty days of the filing of a petition, a court shall conduct a probable cause hearing.  *See* N.Y. Mental Hyg. Law § 10.06(g).  At the probable cause hearing, a judge must determine whether there is probable cause to believe that the individual may have a mental abnormality.  No finding of current dangerousness is required.  *See* N.Y. Mental Hyg. Law § 10.06(k).  If the judge finds probable cause, the individual "shall not be released pending the completion of [the] trial."  *Id.*

If the court finds probable cause to detain the individual, a civil commitment trial must be held within sixty days of the probable cause hearing.  *See* N.Y. Mental Hyg. Law § 10.07(a).  At the trial, the jury shall determine by clear and convincing evidence whether the individual is a detained sex offender who suffers from a mental abnormality.  *See* N.Y. Mental Hyg. Law § 10.07(d). If the jury determines that the individual is a detained sex offender who suffers from a mental abnormality, "the court shall consider whether the [individual] is a dangerous sex offender requiring confinement or a sex offender requiring strict and intensive supervision." N.Y. Mental Hyg. Law § 10.07(f).  The court may then either order the individual committed to a secure treatment facility or subject him to a regimen of strict and intensive supervision and treatment. *See id.*

2

On February 23, 2011, plaintiff's civil commitment trial concluded, with the jury finding that there was no clear and convincing evidence to support the conclusion that plaintiff's felony conviction was sexually motivated; and, therefore, plaintiff was released. *See* Dkt. No. 14-1 at 1-2. The Attorney General did not appeal the decision. *See id.* at 2.

Plaintiff filed the present action while awaiting his civil commitment trial. On March 4, 2011, after plaintiff's release, defendants filed an amended letter motion seeking dismissal of this action as moot. *See* Dkt. No. 14.

In a Report-Recommendation and Order dated July 14, 2011, Magistrate Judge Homer held that, "[w]hile [plaintiff] was initially placed at the secure facility after the findings in his probable cause hearing and throughout the duration of his civil confinement hearing, he was ultimately found not to have committed a sexually motivated felony. Thus, [plaintiff] did not require civil confinement or further treatment and was released. Because he was never placed in civil confinement, his claims relating to the constitutionality of SOMTA are moot and should be dismissed." *See* Dkt. No. 16 at 7-8 (footnote omitted).[2] Plaintiff failed to object to Magistrate Judge Homer's Report-Recommendation and Order.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). When a party fails to make specific objections, however, the court reviews the magistrate judge's report for clear error. *See Farid v. Bouey*, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008); *see also Gamble v.*

---

[2] Throughout his complaint, plaintiff makes clear that he "is not attempting to appeal his probable cause hearing." *See* Dkt. No. 1 at ¶ 17. Rather, plaintiff is asserting that the "statutory provisions under MHL Article 10 and Penal Law 130.91 . . . [are] void for vagueness[.]" *See id.* at ¶ 16.

3

*Barnhart*, No. 02CV1126, 2004 WL 2725126, *1 (S.D.N.Y. Nov. 29, 2004) (citations omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

Having reviewed Magistrate Judge Homer's July 14, 2011 Report-Recommendation and Order and the applicable law, the Court concludes that Magistrate Judge Homer correctly determined that the Court should grant defendants' motion to dismiss the complaint as moot.  *See Ashford v. Spitzer*, No. 9:08-cv-1036, Dkt. No. 136, at 12 (N.D.N.Y. Dec. 8, 2010) (dismissing the plaintiff's claims as moot because he was not placed in civil confinement).[3]  Since plaintiff does not challenge the probable cause hearing that led to his detention pending the civil commitment trial and because the jury found in plaintiff's favor (finding that clear and convincing evidence did not support a finding that plaintiff's felony conviction was "sexually motivated"), the Court finds that plaintiff's case is now moot.

Accordingly, the Court hereby

---

[3] At the time of plaintiff's probable cause hearing through the conclusion of his civil commitment trial on February 23, 2011, no court had issued a final order finding the statutes at issue here unconstitutional.  Although the Court in *Mental Hygiene Legal Service v. Cuomo*, ___ F. Supp. 2d ___, 2011 WL 1344522 (S.D.N.Y. Mar. 29, 2011), did find sections 10.06(k), 10.07(c), and 10.07(d) unconstitutional after plaintiff's civil commitment trial, *see id.* at *18, section 10.07(c) is the only provision found unconstitutional that plaintiff challenges here.  Section 10.07(c) of the New York Mental Health Law relates simply to the burden of proof that the government must meet in order to succeed at a civil commitment trial.  In finding the section unconstitutional, the court simply held that "due process requires that sexual motivation be proven beyond a reasonable doubt," and that "Section 10.07(c) is facially unconstitutional in requiring such a determination to be made only by 'clear and convincing evidence.'" *Id.* at *16-*17.

In the present matter, however, the jury found that there was no clear and convincing evidence to support the conclusion that plaintiff's felony conviction was sexually motivated; and, therefore, plaintiff was released.  *See* Dkt. No. 14-1 at 1-2.  Since plaintiff does not challenge his probable cause hearing, the fact that section 10.07(c) was found unconstitutional has no bearing on this case.

4

**ORDERS** that Magistrate Judge Homer's July 14, 2011 Report-Recommendation and Order is **ADOPTED** in its entirety for the reasons stated therein; and the Court further

**ORDERS** that defendants' motion to dismiss the complaint (Dkt. Nos. 7, 14) is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on all parties in compliance with the Local Rules; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in defendants' favor and close this case.

**IT IS SO ORDERED.**

Dated: August 5, 2011
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge